# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

HECTOR GEOVANNY RIVERA MUNOZ,

    Petitioner,

    v.                                                  No. 1:26-cv-01287-SMD-GJF

MARKWAYNE MULLIN,[1] *et al.*,

    Respondents.

## ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS

**THIS MATTER** is before the Court on Petitioner's Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241.  Doc. 2.  The Court has reviewed the parties' submissions, the record, and the relevant law, and for the reasons set forth below, the Petition is **GRANTED**.

## BACKGROUND

Petitioner Hector Geovanny Rivera Munoz, a citizen of Ecuador, is currently in the custody of Immigration and Customs Enforcement ("ICE") at the Cibola County Correctional Center in Milan, New Mexico.  Doc. 2 ¶¶ 4, 5.  Petitioner first entered the United States nearly 29 years ago and has resided here continuously ever since.  *Id.* ¶ 30.  Since then, Petitioner has built a life, he married a United States citizen and together they had two children.  Petitioner's spouse filed an immediate-relative visa petition on his behalf.

On September 12, 2024, ICE arrested and detained Petitioner near Boston, Massachusetts. *Id.* ¶ 33.  Just under two weeks later, Petitioner appeared before an immigration judge as part of his removal proceedings.  *Id.* ¶ 34.  The immigration judge issued a notice to appear, alleging that Petitioner entered the United States without admission or parole.  *Id.*  Petitioner requested a bond

---

[1] Pursuant to Federal Rule of Civil Procedure 25(d), the case caption shall be updated to reflect that Markwayne Mullin is the Secretary of Homeland Security.  All future filings should be in the name of the substituted party.

hearing, which the immigration court denied it on the basis that it lacked jurisdiction. *Id.* Petitioner has no criminal history and no known history of failure to comply with immigration requirements. *Id.* ¶ 37. He now challenges his detention as a violation of his Fifth Amendment rights. *Id.* ¶ 55.

## DISCUSSION

This Court has jurisdiction under 28 U.S.C. § 2241 to consider habeas challenges to immigration detention. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001). A district court may grant a writ of habeas corpus to a petitioner who demonstrates that "[h]e is in custody in violation of the Constitution or laws . . . of the United States." 28 U.S.C. § 2241(c)(3). While he was detained in El Paso, Petitioner filed a habeas corpus petition with the U.S. District Court for the Western District of Texas. *See Rivera Munoz v. Noem et al.*, No. 3:25-CV-00571-LS (W.D. Tex., filed Nov. 21, 2025). That case remains pending. Though the Texas petition was filed first, the Tenth Circuit has explained that the first-to-file rule "is a 'general rule' and that the first court to acquire jurisdiction may not be ideally suited to decide the merits." *Wakaya Perfection, LLC v. Youngevity Int'l, Inc.*, 910 F.3d 1118 (10th Cir. 2018). Petitioner is no longer held in the Western District of Texas. This Court now has jurisdiction because this District is where Petitioner is confined and where his immediate custodian is located. *Rumsfeld v. Padilla*, 542 U.S. 426, 441 (2004).

I.      Statutory Framework: 8 U.S.C. §§ 1225 and 1226

Sections 1225 and 1226 govern the detention of noncitizens prior to a final order of removal. *See Jennings v. Rodriguez*, 583 U.S. 281, 287–89 (2018). Section 1225(b) "applies primarily to [noncitizens] seeking entry into the United States"—i.e., "applicants for admission." *Id.* at 297. Detention pursuant to § 1225(b)(2)(A) is required "if the examining immigration officer determines that [a noncitizen] seeking admission is not clearly and beyond a doubt entitled to be admitted." Noncitizens detained pursuant to § 1225(b)(2) cannot be released on bond.

Section 1226(a) sets the "default rule" for detaining noncitizens "already present in the United States." *Jennings*, 583 U.S. at 303. Under § 1226(a), a noncitizen "may be arrested and detained pending a decision on whether the [noncitizen] is to be removed from the United States." Noncitizens detained pursuant to § 1226(a) are therefore generally entitled to individualized bond hearings. *See id.* at 306.

Sections 1225(b)(2)(A) and 1226(a) are mutually exclusive in that both provisions cannot simultaneously govern Petitioner's detention. *E.g.*, *Romero v. Hyde*, 795 F. Supp. 3d 271, 286 (D. Mass. 2025); *see also, Patel v. Crowley*, No. 25-cv-11180, 2025 WL 2996787, at *5 (N.D. Ill. Oct. 24, 2025); *Artiga v. Genalo*, No. 25-cv-5208, 2025 WL 2829434, at *4 (E.D.N.Y. Oct. 5, 2025).

Section 1226(a), rather than § 1225(b)(2), governs Petitioner's detention because he was "already present in the United States" at the time of his arrest. *Jennings*, 583 U.S. at 303. Petitioner entered the United States nearly three decades ago, has lived here continuously since then, and was detained in the U.S. interior. Doc. 2 ¶¶ 1–2. He is therefore not subject to the mandatory detention provisions of § 1225, which apply to those seeking admission, specifically noncitizens who present at a port of entry or are apprehended immediately after entering. Petitioner is instead entitled to a bond hearing under § 1226(a). *See Requejo Roman v. Castro*, 816 F. Supp. 3d 1267, 1282 (D.N.M. Jan. 12, 2026); *Cortez-Gonzalez v. Noem*, 811 F. Supp. 3d 1287, 1296 (D.N.M. 2025); *Velasquez Salazar v. Dedos*, No. 1:25-cv-00835, 2025 WL 2676729, at *4 (D.N.M. Sept. 17, 2025); *Pu Sacvin v. De Anda-Ybarra*, No. 2:25-cv-01031, 2025 WL 3187432, at *3 (D.N.M. Nov. 14, 2025); *Ayala v. Moniz, et al*, __ F. Supp. 3d ___, 2026 WL 1031167, at *2 (D. Mass. Apr. 16, 2026); *Wuilmer v. Noem*, No. 25-CV-3236, 2026 WL 458457, at *3 (D. Minn. Feb. 18, 2026); *Villatoro v. Ripa*, No. 2:26-CV-00213, 2026 WL 452432, at *1 (M.D. Fla. Feb. 18, 2026).

II.       The Government's Detention of Petitioner Violates His Fifth Amendment Rights.

The Court finds that Petitioner's continued detention violates his Fifth Amendment rights. Courts analyze due process claims in two steps: the first asks whether there exists a protected liberty interest under the Due Process Clause, and the second examines the procedures necessary to ensure any deprivation of that protected liberty interest accords with the Constitution. *Garcia Domingo v. Castro*, 806 F. Supp. 1246, 1251–52 (D.N.M. 2025) (citing *Ky. Dep't of Corrections v. Thompson*, 490 U.S. 454, 460 (1989)). "Freedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty that [the Due Process] Clause protects." *Zadvydas*, 533 U.S. at 690. "It is well established that the Fifth Amendment entitles [noncitizens] to due process of law in deportation proceedings." *Reno v. Flores*, 507 U.S. 292, 306 (1993). Though the Government "may constitutionally detain deportable aliens during the limited period necessary for their removal proceedings," that "limited period" cannot be indefinite. *Demore v. Kim*, 538 U.S. 510, 527 (2003). As the length of detention stretches on, an individual's due process interests escalate and the government's burden to justify continued detention mounts. *Id*. at 529; *Jennings*, 583 U.S. at 310–11; *Mohamed v. Sec'y Dep't of Homeland Sec.*, 376 F. Supp. 3d 950, 957 (D. Minn. 2018).

The United States' power to admit or exclude aliens is no longer plenary once an alien enters the country, because the Due Process Clause applies to "all persons." *See Landon v. Plasencia*, 459 U.S. 21, 32 (1982) ("Once an alien gains admission to our country and begins to develop the ties that go with permanent residence his constitutional status changes accordingly."). Petitioner possesses a protected liberty interest in remaining free from detention and was deprived of that interest without constitutionally adequate process.

The Government has offered neither justification nor process for the deprivation of

4

Petitioner's protected liberty interest. While the Court recognizes that the length of residency does not constitute legal authorization to remain in the country, the prevailing interpretation of Sections 1225 and 1226, both by this Court and a majority of courts nationwide, indicates that noncitizens apprehended within the U.S. interior are entitled to certain constitutional procedural safeguards. Petitioner has lived in the United States for 29 years. There is no evidence that he is a flight risk nor a threat to the community. To the contrary, he has a every incentive to remain in the country with his spouse and children. The Government does not dispute these facts. *See* Doc. 8 at 2. Yet, despite this incontrovertible evidence, the Government has held Petitioner in custody for over eight months. The Government has therefore violated Petitioner's Fifth Amendment rights by keeping him detained indefinitely without sufficient process or any proffered explanation for what purpose detention serves. *Rodriguez-Fernandez v. Wilkinson*, 654 F.2d 1382, 1387 (10th Cir. 1981) ("Detention pending deportation seems properly analogized to incarceration pending trial or other disposition of a criminal charge, and is, thus, justifiable only as a necessary, temporary measure.").

The Government also concedes that the material facts of this case are similar from those in *Martin Ramirez v. Noem*, No. 2:26-cv-00063, 2026 WL 381869, at *7 (D.N.M. Feb. 11, 2026). *See* Doc. 8 at 2. Furthermore, the Government acknowledges that *Martin Ramirez* controls the outcome here should the Court adhere to that precedent. *See id.* Because Respondents have offered no independent legal basis for continued custody, Petitioner is entitled to relief pursuant to § 2241. *See Martin Ramirez*, 2026 WL 381869; *Cortez-Gonzalez*, 811 F. Supp. 3d at 1296.

**CONCLUSION**

It is hereby **ORDERED**:

    1) The Petition for Writ of Habeas Corpus (Doc. 2) is **GRANTED**;

    2) Petitioner's Motion for Prompt Habeas Determination (Doc. 6) and Motion to

5

Expedite Issuance of Order (Doc. 10) are **DENIED** as moot.

3) Respondents shall release Petitioner within **48 hours** of this Order being entered;

4) Respondents shall facilitate Petitioner's transportation from the detention facility by providing all necessary identity and travel documents to return to his primary address;

5) Respondents **SHALL** file a notice of compliance within two business days of Petitioner's release.  This notice must specify: (1) the date, (2) the time, and (3) the manner of departure (e.g., transport to a bus station, designated drop-off location, or other arrangements).  Additionally, the notice must include (4) a description or copies of all discharge and travel documents provided to Petitioner at the time of release;

6) Respondents **SHALL NOT** re-detain Petitioner without a pre-deprivation hearing before a neutral Immigration Judge pursuant to 8 U.S.C. § 1226(a);

7) Respondents **SHALL NOT** remove Petitioner to any third country to which he does not have a removal order without first providing him with constitutionally compliant procedures;

8) The Court will separately enter Final Judgment in favor of Petitioner but retain jurisdiction over this matter to ensure compliance with this Order and to entertain any motions for attorneys' fees.

**IT IS SO ORDERED**.

**SARAH M. DAVENPORT**
**UNITED STATES DISTRICT JUDGE**